Michael I. Knopf et al., Appellants, v Michael Hayden Sanford et al., Respondents. [26 NYS3d 866]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 23, 2015, which, inter alia, denied plaintiffs' motion to direct the Clerk to enter judgment on certain claims, or in the alternative for a prejudgment attachment, unanimously modified, on the law, to the extent of (1) remanding the matter to the motion court for a hearing on whether to grant a prejudgment attachment, and (2) directing that, pending the determination after a hearing, defendant Pursuit Holdings, LLC is prohibited from transferring, or further diminishing, impairing or encumbering the properties it acquired with real estate loans from plaintiffs, including but not limited to the property located at 10 Bedford St., New York, New York, as well as any proceeds derived from the sale of such properties prior to the date of this order, and otherwise affirmed, without costs.

The motion court correctly determined that a damages inquest was required. However, the motion court should have held a hearing on plaintiffs' application for an attachment under CPLR 6201 (3). Plaintiffs are correct that Pursuit's ex post facto qualification to do business in the state did not per se defeat its motion for an attachment under CPLR 6201 (1) (*see Elton Leather Corp. v First Gen. Resources Co.*, 138 AD2d 132, 135-136 [1st Dept 1988]). In the proceedings below, there was enough evidence of defendants' attempts to encumber assets to warrant a hearing as to whether an attachment should be granted. (*see VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49 [1st Dept 2013]).

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.